IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                      Criminal Action No. 5:13CR44
                                                      (STAMP)
JAVON L. SCOTT,

       Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS AS MOOT

The defendant in the above-styled criminal action, Javon L. Scott, is the only defendant in a single-count indictment charging him as a prohibited person in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(d)(1). The indictment also includes a forfeiture allegation. On December 4, 2013, the defendant filed a motion to suppress evidence obtained through a search of his residence, which was conducted pursuant to a search warrant issued by Brooke County, West Virginia Magistrate Robin L. Snyder. Defendant claims that such search was in violation of his constitutional rights under the Fourth Amendment due to the warrant's scope and breadth. The United States filed a timely response to this motion, to which the defendant replied.

United States Magistrate Judge James E. Seibert held an evidentiary hearing and argument concerning defendant's motion to suppress. After the hearing, the magistrate judge issued a report and recommendation on January 20, 2014, recommending that the defendant's motion to suppress be denied. The magistrate judge concluded that the search warrant described the items to be seized

with sufficient particularity and probable cause existed to allow the magistrate judge to believe illegal narcotics would be found in the defendant's apartment. Further, the magistrate judge stated that even if this Court were to find that the search warrant was invalid due to its breadth and scope, the good faith exception under United States v. Leon, 468 U.S. 897 (1984), would apply. The magistrate judge informed the parties that if they objected to any portion of his recommendation, they may file written objections within 14 days after being served with a copy of the report and recommendation. Thereafter, the defendant filed timely objections.

On March 3, 2014, this Court issued a letter providing the parties with its tentative ruling concerning the defendant's motion to suppress. This Court indicated that tentatively it intended to deny defendant's motion to suppress. On the same day that this Court issued its letter, it was provided with a plea agreement signed and dated by the defendant. The defendant dated the plea agreement February 21, 2014.[1] This Court then held a plea hearing, where the defendant entered a plea of guilty to the single-count indictment. Accordingly, the motion to suppress evidence, which includes the firearm at issue, is moot, as the defendant has now admitted guilt concerning the possession of such firearm. Thus, the defendant's motion to suppress (ECF No. 29) is DENIED AS MOOT.

---

[1]This Court confirmed with the defendant at the plea hearing that while this Court did not receive a copy of the plea agreement until March 5, 2014, the defendant had signed the plea agreement on February 21, 2014.

Further, because the motion to suppress is denied as moot, the magistrate judge's report and recommendation is NOT ADOPTED (ECF No. 40).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED: March 12, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE